**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Roger DeBenedetto, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Thaxton Investment Corporation, Southern Management Corporation, Southern Finance of South Carolina, Inc. d/b/a Southern Finance, Quick Credit, Covington Credit, SoCo Finance, <br><br> Defendants. | 6:15-cv-02475-MGL <br><br> **COMPLAINT** <br> **Class/Collective Action** <br> (JURY TRIAL DEMANDED) |

Plaintiff Roger DeBenedetto, individually and on behalf of all similarly situated employees ("Plaintiffs"), bring this Class/Collective action lawsuit against Thaxton Investment Corporation, Southern Management Corporation, Southern Finance of South Carolina, Inc., d/b/a Southern Finance, Quick Credit, Covington Credit, and SoCo Finance (collectively "Defendant"); seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the South Carolina Wages Act, S.C. Code Ann. §§ 41-10-10 to 110., and/or equitable remedy of unjust enrichment. Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff Roger DeBenedetto is a resident of the State of South Carolina, County of Greenville.

1

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to the FLSA claims asserted in this action, and Plaintiff's signed consent form is attached. (See Exhibit A – Plaintiff's Consent to Sue Forms).

3. That, upon information and belief, the defendants Thaxton Investment Corporation, Southern Finance of South Carolina, Inc., and Southern Management Corporation, d/b/a Southern Finance, Quick Credit, Covington Credit, and SoCo Finance (collectively "SMC") are South Carolina corporations maintaining offices and agents and otherwise doing business in the County of Greenville, State of South Carolina.

4. SMC is a Greenville, South Carolina based small loan consumer finance company with over 250 branch locations throughout the Southeast. The company operates under four different brand names to include; Covington Credit, Quick Credit, Southern Finance, and SoCo Finance.

5. In 2012, SMC sold a controlling interest in the company to Milestone Partners LTD, a Pennsylvania corporation. Despite such sale, SMC is the true operator of company in that they maintain a complete level of control over the company's chain of operations to include: supervisory authority over all of the company's employees, the company's daily operations, their ability to make hiring and firing decisions, and their authority over employee wage payment methods.

6. The defendants Thaxton Investment Corporation, Southern Finance of South Carolina, Inc., and Southern Management Corporation, d/b/a Southern Finance, Quick Credit, Covington Credit, and SoCo Finance are a single enterprise under the FLSA because the entities perform related activities through unified operation and common control for a common business purpose.

7. During the relevant time period, Defendant employed individuals who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, commerce.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Plaintiffs also assert a state law cause of action pursuant to South Carolina Wage Payment Act and a state common law cause of action for Unjust Enrichment.

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the acts or omissions giving rise to these Plaintiffs' claims occurred within Greenville County and because this Court has personal jurisdiction over one or more corporate Defendants.

## SUMMARY OF CLAIMS

12. Plaintiffs bring this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

13. In particular, Plaintiffs bring this suit on behalf of the following similarly situated persons:

> All current and former employees who have worked for the Defendant in the capacity of an Assistant Manager within the statutory period covered by this Complaint, and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("Collective Class").

14. In addition, Plaintiffs also bring this action as a state class action to recover unpaid wages pursuant to South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("PWA").

15. Defendant has willfully committed widespread violations of the FLSA and South Carolina Wages Act by engaging in a pattern, practice, and policy of failing to pay employees proper overtime wages.

16. Specifically, Plaintiffs bring this suit on behalf of a class of similarly situated persons composed of:

> All current and former Assistant Managers who have worked for Defendants in the state of South Carolina during the statutory period covered by this Complaint ("SC Class").

17. Plaintiffs allege on behalf of the Collective Class and SC Class that Defendants violated Federal and South Carolina state laws by, *inter alia*:

　　(i)　improperly calculating overtime wages for all hours worked in excess of forty (40) hours in a workweek; and

　　(ii)　improperly denying to pay all wages that have become due and owed.

## FACTUAL ALLEGATIONS

18. Plaintiff Roger DeBenedetto was hired by Defendant as an Assistant Branch Manager at the company's Greenville, South Carolina location and was shortly thereafter transferred to the company's Spartanburg, South Carolina location.

19. Plaintiff's primary duties of employment include processing credit loan applications and performing duties related to collecting past due amounts from customers on outstanding loans.

20. At all relevant times, Plaintiff and the other members of the Collective Class have been similarly situated and have had substantially similar job requirements and job duties. Moreover, they have been subject to Defendant's common decisions, policies, practices, procedures and rules that willfully violate the FLSA.

21. At no time did Plaintiffs or the Collective Class ever perform any executive, administrative, or professional duties that would weigh in favor of an exempt salaried employee.

22. Nor could Plaintiffs or the Collective Class be classified as independent contractors; and therefore, not subject to the FLSA's minimum wage and overtime requirements.

23. The Plaintiffs and the Collective Class worked for Defendant on a full time and continuing basis and did not sell or advertise their services to the general public or work as contractors for anyone other than the above named Defendant.

24. Plaintiffs and Collective Class had no control over the manner and method by which they were paid.

25. Defendant retained the right to discharge Plaintiff and Collective Class without cause.

26. Plaintiff and Collective Class had no opportunity for profit and no risk of loss.

27. Plaintiff and Collective Class are clearly not exempt from the FLSA's minimum wage and overtime requirements.

28. At all times relevant herein, Defendant paid Plaintiff, and all those similarly situated an hourly wage of Eleven Dollars and Fifty Cents ($11.50) for every hour worked under forty hours in a workweek.

29. For hours worked over forty hours in a workweek, Defendant paid Plaintiff and all those similarly situated an hourly wage of one-half the employee's regular rate of pay. The regular rate was calculated by adding together the employee's pay for that pay period and dividing the total by the number of hours the employee worked in that pay period.

5

30. Pursuant to the FLSA, employees must receive overtime pay for hours worked in excess of forty in a workweek of at least one and one-half times their regular rates of pay and not one-half of their regular rates of pay.

31. At the time of Plaintiff's hiring he was informed that he would be paid and hourly rate of $11.50 and would receive approximately half of that rate pursuant to what was referred to as Chinese Overtime. Chinese Overtime is an alias for the "fluctuated workweek method" of payment set forth in the FLSA. (See Exhibit B – pay check stub showing half pay for overtime).

32. Under the fluctuating workweek method of payment as set forth in the FLSA, a person:

> employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid to him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. 29 C.F.R. § 778.114(a).

33. Under such payment scheme, the employee must be compensated "for all overtime hours worked at a rate not less than one-half his regular rate of pay." Id.

34. However, before an employer may apply the fluctuating workweek method, four conditions must be satisfied: (1) the employee's hours must fluctuate from week to week; (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums); (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and (4) the employer and employee must share a "clear mutual understanding" that the employer will pay that fixed salary regardless of the number of hours worked. 29 C.F.R. § 778.114(a), (c).

35. Plaintiff asserts that Defendant failed to comply with nearly every requirement laid forth in the above mentioned regulation. As a demonstration of a clear violation of the

aforementioned subparagraph (2), attached is a pay check stub that reflects payment as an hourly rate and not a fixed salary. (See <u>Exhibit C</u> – pay check stub).

36.     Plaintiff asserts that Defendant required him to work set hours for an hourly wage and that it was only after he began his employment that Defendant informed him that he was being paid "Chinese Overtime." Specifically, Plaintiff asserts that his hours did not fluctuate week to week and that he was not paid a fixed salary; therefore, there was no "clear mutual understanding" of such.

37.     Defendant's actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
**(Collective Class)**

38.     Plaintiffs, on behalf of themselves and the Collective Class, re-allege and incorporate by reference the paragraphs above as if they were set forth herein.

39.     At all relevant times, Defendant has had gross revenues in excess of $500,000.00.

40.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendant has employed, and/or continues to employ each of the Collective Class members within the meaning of FLSA.

42.     At all relevant times in the period encompassed by this Complaint, Defendant has and maintains a willful policy and practice of refusing to pay the proper overtime compensation for all hours worked in excess of forty (40) hours per workweek.

43. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Due to Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective Class, are entitled to recover from the Defendant compensation for unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## SOUTH CAROLINA PAYMENT OF WAGES ACT
### (SC Class)

45. Plaintiffs, on behalf of themselves and the members of the SC Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

46. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each of the SC Class Members within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("PWA"). Plaintiffs and the SC Class members are "employees" and are not free from the control and direction of Defendant.

47. Plaintiffs and the SC Class worked for Defendant with the clear understanding and agreement by Defendant that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

48. Pursuant to the PWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law. . . ." S.C. Code Ann. § 41-10-40(C).

49. Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

50. Accordingly, Plaintiffs and the members of the SC Class are entitled to receive all compensation due and owing to them.

51. As a result of Defendant's unlawful policies and practices as set forth above Plaintiffs and the members of the SC Class have been deprived of compensation due and owing which Defendant promised to pay in their commitment to abide by applicable wage and hour laws and in violation of the PWA's mandate that no wages be withheld or diverted unless required or permitted under applicable law.

52. Defendant has set and withheld wages of the Plaintiffs and SC Class members without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

53. As a direct and proximate result of Defendant's conduct, Plaintiffs and the SC Class have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the unpaid wages as well as costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### SOUTH CAROLINA COMMON LAW – UNJUST ENRICHMENT
**(SC Class)**

54. This Third Claim is brought in the alternative to the Second Claim (violation of the PWA), to the extent that Defendant disavows any agreement to pay SC Class in a manner consistent with state and federal law. Plaintiffs, on behalf of themselves and the members of the SC Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

55. Plaintiffs and members of SC Class were employed by Defendant within the meaning of South Carolina Common Law.

56.     At all relevant times, Defendant maintains a policy of denying their Assistant Manager wages that, by law, and/or equitably belong to the Assistant Managers.

57.     During the class period covered by this Complaint, Defendant had, and maintains, a willful and deceptive payment policy that masks itself as a fluctuating workweek method, a legal exception to the FLSA overtime law, when in fact it is clearly not such a payment method.

58.     Defendant has received financial benefits of a payment method that has both hourly pay and a compensation rate for overtime pay at one-half the regular rate as opposed to one and one-half the regular which rendered it inequitable and unjust for Defendant to retain such benefits.

59.     Defendant was unjustly enriched by subjecting Plaintiffs and other similarly situated Assistant Managers to such an unlawful pay policy.

60.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the SC Class have suffered an injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefits conferred by Plaintiff and SC Class.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of himself and all other similarly situated members of the Collective Class and members of the SC Class, prays that the Court grant the following relief:

  A. Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action, and permitting them to assert timely

  FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the SC Class;

C. Appointment of the undersigned as Class Counsel;

D. Find that Defendant's FLSA violations were willful;

E. An injunction against Defendant and its officers, agents, successors, employees, representative and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein in the future;

F. For *disgorgement* of revenues, profits and money unjustly earned from the unlawful practices;

G. An award of unpaid minimum wages to Plaintiffs and the members of the Classes;

H. An award of unpaid overtime wages to Plaintiffs and the members of the Classes;

I. Restitution of wages and gratuities improperly retained by Defendant;

J. An award of liquidated damages to Plaintiffs and members of the Classes;

K. An award of treble damages to Plaintiffs and members of the Classes to the extent permitted by S.C. Code Ann. § 41-10-80(C);

L. An award of costs and expenses of this action together with reasonable attorneys' fees; and

M. Such other and further equitable relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully Submitted,

By: S/ John G. Reckenbeil
John G. Reckenbeil, Fed I.D. No. 7671
Lawrence E. McNair, III, Fed I.D. No. 11723
LAW OFFICE OF JOHN RECKENBEIL, LLC
215 Magnolia Street (29306)
Post Office Box 1633
Spartanburg, South Carolina 29304
Phone: (864) 582-5472
Fax: (864) 582-7280

Dated: June 19, 2015