IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Roger DeBenedetto, individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ) Thaxton Investment Corporation, Southern ) Management Corporation, Southern Finance ) of South Carolina, Inc. d/b/a Southern ) Finance, Quick Credit, Covington Credit, ) SoCo Finance, ) ) Defendants. ) _____) | **ORDER APPROVING CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL CLASS MEMBERS**<br><br>C.A. No. 6:15-cv-02475-MGL |

Plaintiff Roger DeBenedetto ("Plaintiff"), on behalf of himself and all others similarly situated filed a Motion for Conditional Certification (ECF No. 18) whereby the Parties now stipulate to conditional certification and the form and method of notice to all similarly situated Class Members. The Court approves such stipulation.

1. The central issue of this case is whether Defendants' pay policies violated the overtime mandate of the Fair Labor Standards Act ("FLSA"). Plaintiff, on behalf of himself and the putative class, has specifically alleged that the Defendants' bonus policy violated the "fixed salary" requirement of the FLSA's Fluctuating Workweek ("FWW") and/or said bonus policy resulted in Defendants improperly calculating his overtime wages under the FWW.

2. Defendants maintain that their pay policies are in compliance with the FLSA; nevertheless, Defendants agree to settle the Plaintiff's class claims. The parties have stipulated that the two pay policies subject to Plaintiff's allegations, the bonus policy and the Fluctuating Workweek policy, were used together during an eleven (11) month time frame (October 1, 2014 –

- 1 -

August 1, 2015). The Parties' stipulation for conditional certification is based upon this eleven (11) month time frame and encompasses 549 individuals.

3. This case shall be conditionally certified as a collective action under the FLSA, 29 U.S.C. § 216(b) and notice shall be sent to all current and former workers of Defendants who meet the following criteria:

> **All individuals who worked as an Assistant Manager at any SMC branch office between October 1, 2014 and August 1, 2015 and who were compensated pursuant to the fluctuating workweek method and both earned a bonus and worked overtime hours during the same month.**

4. The parties have stipulated to a Notice and Consent Form that is to be sent to the above individuals to allow them to opt-in to the lawsuit. (See Exhibit A – Proposed Notice and Consent Form). The Proposed Notice encompasses all the general guidelines of an FLSA collective action notice which must include: (1) its purpose, (2) the nature of the underlying action, (3) the class to whom the notice is addressed, (4) the rights of putative class members to join in the suit by filing a written consent form, (5) the time period within which a consent must be filed, (6) the effects of electing whether or not to participate in the lawsuit, (7) the fact that employers cannot retaliate against class members who elect to participate, and (8) how to contact counsel for class. *Gjurovich v. Emmanual's Marketplace, Inc.*, 282 F. Supp.2d 101, 109-10 (S.D.N.Y. 2003).

5. The Proposed Notice is also framed in neutral language and provides a written consent to join form and instructions on where to send it. The Proposed Notice is appropriate to provide notice to the potential members of the class, via U.S. Mail and for allowing potential members of the class to opt-in, or join, the class. The mailing envelope shall have a return address as follows:

> Class Action Lawsuit
> DeBenedetto v. Southern Management Corp.
> Important Notice of Your Legal Rights
> PLEASE OPEN & READ
> (**Address of Claims Admin**)

Enclosed, with the notice, will be a self-addressed, postage-paid envelope using the name and mailing address of Plaintiff's counsel for both the address and return address.

6. If the notice is returned to the claims administrator or Plaintiff's counsel as undeliverable, Defendants will email the Proposed Notice and Consent Form to class members in an attachment in .PDF Format. The subject line of the email shall read: Southern Management Corp. Lawsuit – Please Read. The body of the email shall read: The attached document is a legal notice concerning your right to join a lawsuit against Southern Management Corp. (Southern Finance, Quick Credit, Covington Credit, SoCo Finance). (See Exhibit B – Proposed Email).

7. Notice shall be authorized to potential putative class members for a forty-five (45) day period of time. Putative class members will have forty-five (45) days from the date of the Notice to return their Consent Form. Timeliness will be determined based upon the date that the Consent is post-marked. A forty-five (45) day opt-in period was recently approved in *Foster v. M5 Hospitality Group, LLC, C/A* No. 4: 14-cv-04517-RBH (D.S.C. Feb. 9, 2016).

8. The parties shall use the service of Third Party Administrator ("TPA"), Simpluris, Inc., to handle distribution of Notice and Consent Form. Defendants shall pay all fees and costs of TPA.

9. Within five (5) calendar days of the entry of this Order, Defendants shall provide, in electronic format, the TPA the following information of the putative class:

   a. Names;
   b. All known postal mailing addresses, and email addresses (only after notices are returned "undeliverable"); and

      c. Telephone number listed in employee file.

10. The TPA shall, within ten (10) calendar days of the entry of this Order;

      a. Mail, via first class U.S. mail, a copy of the Notice and Consent Form, to all members of the putative class as outline above.

11. If the TPA receives any completed Consent Forms, the TPA shall, within twenty-four (24) hours of receiving the Consent, email a copy of each to counsel for Plaintiffs to be filed with the Court. The TPA shall also, within five (5) calendar days, mail the original consent to counsel for Plaintiffs.

12. Within sixty-five (65) days of the entry of this Order, the TPA shall send a report to counsel for the parties, showing all activity of the TPA in this action, redacting the names and contact information of all putative class members who did not opt-in to the lawsuit. This report shall also include any telephone calls received from any putative class member, the number of notices that were returned undeliverable along with what subsequent action the TPA took to locate these individuals.

**IT IS SO ORDERED.**

                                                            s/Mary Geiger Lewis  
                                                            The Honorable Mary Geiger Lewis  
                                                            United States District Judge

March 23, 2016  
Columbia, South Carolina

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Roger DeBenedetto, individually and on behalf of all others similarly situated,   ) ) ) | C.A. No. 6:15-cv-02475-MGL |
| Plaintiffs,   ) ) ) | |
| v.   ) ) | |
| Thaxton Investment Corporation, Southern Management Corporation, Southern Finance of South Carolina, Inc. d/b/a Southern Finance, Quick Credit, Covington Credit, SoCo Finance,   ) ) ) ) ) ) | |
| Defendants.   ) ) | |

**NOTICE OF LAWSUIT AND SETTLEMENT**

To:   All Persons Who Were Employed in One of Southern Management Corporation's Branches as an Assistant Manager, Who Were Paid a Fixed Weekly Salary Under the Company's Fluctuating Workweek Plan, Who Worked in Excess of Forty (40) Hours Per Week in One or More Individual Workweeks During the Period From October 1, 2014 Through July 1, 2015, and Who Earned and/ or Received a Bonus in One or More Months Between October 1, 2014 and August 1, 2015.

RE:   Lawsuit filed against Southern Management Corporation regarding unpaid overtime wages.

### I.   INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit and proposed settlement, to advise you of how your rights may be affected by this lawsuit and proposed settlement, and to instruct you on the procedure for joining and participating in this lawsuit and proposed settlement if you decide that it is in your interest to do so.  This is your decision, and you have no obligation to participate in the proposed settlement of this matter or to respond to this Notice.

### II.   DESCRIPTION OF THE ACTION AND SETTLEMENT OF CLAIMS

An action brought under the Fair Labor Standards Act ("FLSA") was filed originally on July 15, 2015, and an Amended Complaint was filed on October 13, 2015, against Southern Management Corporation. ("Defendants") on behalf of the named Plaintiff Roger DeBenedetto ("Plaintiff") and all other similarly situated individuals who were employed as Assistant Managers in Defendants' branches, who were paid pursuant to Defendant's fluctuating workweek plan and who worked in excess of forty (40) hours per week in one or more individual workweeks during the period from October 1, 2015 through July of 2015.  Specifically, the case alleges that Defendants violated federal law by failing to pay proper overtime to Plaintiff and all similarly situated employees who work or worked as an Assistant Manager in Defendants' branches in the past three years.

Defendants deny that they violated the FLSA and contend that they exercised good faith in determining how the FLSA applied to its Assistant Managers and to their compensation.

Nevertheless, in an effort to resolve this dispute without further expenditure of resources, Defendants have agreed to a settlement.  Plaintiff, through his attorney, has conducted an extensive investigation and analysis of the facts and law relating to this action, including an analysis of the maximum potential damages to the settlement class members.  Plaintiff, through his attorney, is satisfied that the terms and conditions of the proposed settlement are fair and reasonable and adequate after taking into account the risks inherent in litigation, the likelihood that if not settled now, this litigation will be prolonged and expensive, and the challenges of proof of liability on the part of Defendants under the FLSA to any or all affected Assistant Managers.

The Honorable Mary G. Lewis, Unites States District Judge for the District of South Carolina, has certified this lawsuit as a collective action, that is, an action that may be joined by all persons who were employed in one of Defendants' branches as an Assistant Manager, who were paid a fixed weekly salary under the Defendants' fluctuating workweek plan, who worked in excess of forty (40) hours per week in one or more individual workweeks during the period From October 1, 2014 through July 1, 2015, and who earned and/or received a bonus in one or more months between October 1, 2014 and August 1, 2015.

The Court has not, however, expressed any opinion as to the merits of any of the claims or defenses asserted by either side in this matter.

**\*\*Before any monies can be paid to you under the terms of the Proposed Settlement Agreement, the Court has to approve the Proposed Settlement and certify that such is fair, reasonable, and adequate.  Joining the lawsuit now does not guarantee that you will receive your Individual Share, discussed below, under the terms of Proposed Settlement Agreement.\*\***

### III.    THE TERMS OF THE PROPOSED SETTLEMENT

The Proposed Settlement is premised on Defendant not including the Assistant Managers' monthly bonus into their overtime computations.  Defendant has since recomputed each Assistant Managers' overtime payments taking into consideration the monthly bonuses.  The recalculated overtime amounts were subtracted by what was already paid out in overtime to the Assistant Managers to determine the net amount of owed overtime. This amount was then

doubled to account for liquidated damages. A computation of what the named Plaintiff, Mr. DeBenedetto, stands to receive under this settlement is performed below.

Sum of Net Difference $121.18
The above was multiplied by 2 to account for Liquidated Damages
Individual Share Mr. DeBenedetto stands to receive - **$242.36**

**Formula Used – Monthly Salary with Bonus was divided by Total Hours Worked in Month to compute Regular Rate. Regular Rate was then multiplied by .5 pursuant the Fluctuating Workweek. The FWW Regular Rate was then multiplied by the Total Overtime Hours Worked in the Month to produce the Recalculated Overtime Amount. The Recalculated Overtime Amount was then subtracted by the Overtime Amount Already Paid to produce the Net Difference.

### IV. COMPOSITION OF THE CLASS

For purposes of settlement of this lawsuit, the "Settlement Class Members" include Plaintiff and similarly situated individuals who were employed in one of Defendants' branches as an Assistant Manager, who were paid a fixed weekly salary under the Defendants' fluctuating workweek plan, who worked in excess of forty (40) hours per week in one or more individual workweeks during the period From October 1, 2014 through July 1, 2015, and who earned and or received a bonus in one or more months between October 1, 2014 and August 1, 2015. Defendants have agreed that all such persons are similarly situated and may participate in this lawsuit and its settlement.

| Month | Monthly Salary with Bonus | Total Hours Worked in Month | Regular Rate | Regular Rate x .5 (FWW) | Total O/T Hours Worked in Month | Recalculated O/T Amount | O/T Amount Already Paid | Net Difference |
|---|---|---|---|---|---|---|---|---|
| Nov 2014 | $2,015.00 | 166.85 | 12.07 | 6.03 | 18.35 | $110.8 | $90.98 | $19.82 |
| Dec 2014 | $1,965.00 | 197.71 | 9.93 | 4.96 | 37.71 | $187.4 | $174.98 | $12.42 |
| Jan 2015 | $1,840.00 | 179.87 | 10.22 | 5.11 | 19.87 | $101.63 | $101.46 | $0.17 |
| Feb 2015 | $2,015.00 | 191.7 | 10.51 | 5.25 | 31.7 | $166.6 | $151.29 | $15.31 |
| Mar 2015 | $2,140.00 | 177.88 | 12.03 | 6.01 | 13.31 | $80.06 | $62.87 | $17.19 |
| Apr 2015 | $2,090.00 | 189.3 | 11.04 | 5.52 | 29.3 | $161.75 | $137.39 | $24.36 |
| May 2015 | $3,060.00 | 273.98 | 11.16 | 5.58 | 33.98 | $189.76 | $164.36 | $25.4 |
| Jun 2015 | $1,840.00 | 180.3 | 10.2 | 5.1 | 22.54 | $115.01 | $108.5 | $6.51 |

- 7 -

V.   YOUR RIGHT TO JOIN THIS LAWSUIT AND PARTICIPATE IN THE SETTLEMENT

You have received this Notice because you fit the description of the persons defined in Paragraph IV above as Settlement Class Members and may join this lawsuit and "opt in." **To participate in the settlement, you must completely fill out the attached Consent to Join Form and timely return it** by mailing, emailing, or faxing it to the Plaintiff's Counsel at the following address:

LAW OFFICE OF JOHN RECKENBEIL, LLC
Post Office Box 1633
Spartanburg, South Carolina 29304
Email: info@johnreckenbeillaw.com
Fax: 864-582-7280

The "Consent to Join Form" **MUST** be mailed and postmarked, or emailed or faxed within **45 days from mailing date of this Notice** in order for you to participate. Timeliness will be determined based upon the date that the Consent is post-marked. It is entirely your own decision whether you join this lawsuit. You are not required to participate or take any action, but you will not receive monies from this lawsuit unless you timely complete the attached form and return it to

VI.   TIME LIMIT FOR FILING OPT-IN AND CLAIM FORM

**If any persons Consent to join form is NOT mailed and postmarked, or emailed or faxed to the above address during the allotted 45 day time limit they will not be permitted to join this lawsuit.**

VII.   LEGAL EFFECT OF JOINING THIS LAWSUIT

By joining this action, you designate Plaintiff as your agent to make decisions on your behalf concerning the proposed settlement of this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's Counsel concerning fees and costs and other matters pertaining to this lawsuit.

If you choose to join this lawsuit, you will fully participate in the settlement and will be releasing any and all claims you have or had from October 1, 2104 until August 1, 2015, related to unpaid overtime, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or in equity, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. If you choose to join this lawsuit, you will be bound by the settlement terms approved by the Court, and you will not be provided an opportunity to dispute the formula, the underlying data or the calculation methods used to ascertain your individualized settlement loss amount. You will not be entitled to file an objection to the calculation methods or loss amount with the Court if you opt-in to this lawsuit.

If you join this lawsuit you will not have to pay any litigation costs, expenses or attorneys' fees. Instead, litigation costs, expenses and attorneys' fees, which have been separately negotiated as part of the settlement, will be paid in full directly by Defendants.

If you join this lawsuit you will be required to keep your individualized settlement loss amount strictly confidential, and shall not discuss, refer to or communicate to third parties or any other person or entity, or in any way publicize, disclose, distribute, discuss or disseminate your individualized settlement loss amount.

## VIII. LEGAL EFFECT OF NOT JOINING THIS LAWSUIT

If you do NOT join this lawsuit, you will not be affected by this lawsuit or the settlement, and you will NOT participate in the settlement in any way. You will not be entitled to share any amounts recovered by the settlement class nor will you be barred by any ruling in this lawsuit. You will be free to file your own lawsuit against Defendant subject to any defenses that might be asserted.

## IX. NO RETALIATION PERMITTED.

Federal law prohibits Southern Management Corp. and its affiliates from discriminating or retaliating against you because you have exercised your rights under the FLSA by filing or joining a lawsuit seeking to enforce your rights. Examples of prohibited retaliation include, but are not limited to: discharge from employment; demotion; suspension; or other adverse actions.

## X. YOUR LEGAL REPRESENTATION IF YOU CONSENT TO JOIN

If you consent to join this lawsuit and participate in the settlement by filing a "Plaintiff Consent Form," you will be agreeing to representation by Plaintiff's Counsel:

> John G. Reckenbeil
> Lawrence E. McNair, III
> LAW OFFICE OF JOHN RECKENBEIL, LLC
> Post Office Box 1633
> Spartanburg, South Carolina 29304
> Phone: (864) 582-5472
> Fax: (864) 582-7280
> Email: info@johnreckenbeillaw.com
> Website: www.johnreckenbeillaw.com

You have the right to obtain legal advice from any attorney of your own choosing at your own cost as to the meaning of the Notice and whether it is advisable for you to complete and mail a Consent to Join form to Plaintiff' Counsel. These decisions and agreements made and entered into by Plaintiff, however, will be binding on you if you join this lawsuit regardless of whether you hire an attorney to review this notice. Your personal attorney will not have any rights to file objections to the terms of this settlement.

## XI. ATTORNEYS' FEES AND COSTS OF LITIGATION

The Proposed Settlement Agreement provides that Defendants shall pay Plaintiff's Counsel a compromise amount in attorneys' fees.  **This amount is to be paid by Defendants in addition to each participant's settlement amount and no deductions from any participant's settlement amount will be made for attorneys' fees or costs of litigation** subject to the aggregate total settlement amount.  Defendants shall also reimburse Plaintiff's Counsel for costs incurred in prosecuting this action.

## XII.  CHANGE OF ADDRESS

If you have any change of address after receiving this Notice, you are required to notify the Claims Administrator at the address listed in Section V above.  Neither the Court, nor the parties, nor their counsel will be responsible for your failure to provide adequate notice of any change in your address.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE MARY G. LEWIS, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA. AT THIS TIME THE COURT HAS NOT APPROVED THE PROPOSED SETTLEMENT AS FAIR AND REASONABLE AND HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENSES OF SOUTHERN MANAGEMENT CORPORATION.**

# CONSENT TO JOIN FORM

By my signature below, I represent that I meet the definition contained in Section IV of the Notice of Lawsuit and Settlement describing Composition of the Class, and I hereby authorize the prosecution and settlement of *Roger DeBenedetto v. Thaxton Investment Corporation, Southern Management Corporation, Southern Finance of South Carolina, Inc., d/b/a Southern Finance, Quick Credit, Covington Credit, SoCo Finance; In the United States District Court in the District of South Carolina, Greenville Division, Civil Action No. 6:15-cv-02475-MGL* in my name and on my behalf by Plaintiff Roger DeBenedetto ("Plaintiff") and his chosen attorneys.

I understand this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime wages. I hereby consent to join the lawsuit and be bound by the settlement entered into in this case by Plaintiff.

In exchange for my participation in this settlement, I hereby release Thaxton Investment Corporation, Southern Management Corporation, and Southern Finance of South Carolina, Inc., d/b/a Southern Finance, Quick Credit, Covington Credit, SoCo Finance, from all liability for all claims I have or had from October 1, 2014 until August 1, 2015, related to unpaid overtime and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or in equity, under the FLSA.

I declare under penalty of perjury that the foregoing is true and correct.

Full Signature _____     Date _____

Type or print name _____     Telephone _____

Street Address _____     City _____

State _____     Zip Code _____

Email address _____

## **EXHIBIT B**

**NOTICE OF EMAIL**

Subject Line:   Southern Management Corp. Lawsuit – Please Read.

Body of Email:

<u>This notice contains information that affects your rights.  Please read it carefully.  If you decide to join this Collective Action Lawsuit, you should take action as soon as possible.</u>

If you were an employee of Southern Management Corp. which does business under the trade names Southern Finance, Quick Credit, Covington Credit, SoCo Finance and were employed as an Assistant Manager at any time between October 1, 2014 through July 1, 2015, and you received a bonus in one or more months between October 1, 2014 and August 1, 2015, please open and read the attached notice.  This notice is approved by the U.S. District Court for the District of South Carolina.

**Attached to the Email will be a copy of the Notice and Consent Form (Exhibit A).**